UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

ROBERT C. BUTTERWORTH, et al.,

                              Plaintiffs,

                                                        Case # 20-CV-6162-FPG

v.

                                                        DECISION AND ORDER

TOWN OF GREECE, et al.,

                              Defendants.

## INTRODUCTION

Plaintiffs Robert C. Butterworth, Michelle Y. Butterworth, and Ryan E. Butterworth (collectively, the "Butterworths") assert claims against Defendants the Town of Greece, the Greece Police Department, the Town of Webster, the Town of Webster Police Department, A. Kirkpatrick, and Joel Paige under 42 U.S.C. § 1983, New York's Constitution, and common law. ECF No. 12. Now before the court is a motion to dismiss, ECF No. 15, filed by the Town of Webster, the Town of Webster Police Department, A. Kirkpatrick (collectively the "Webster Defendants") and a motion for judgment on the pleadings, ECF No. 26, filed by the Town of Greece and the Greece Police Department (the "Greece Defendants"). The Webster Defendants' motion to dismiss and the Greece Defendants' motion for judgment on the pleadings are both GRANTED. Additionally, the Butterworths are ORDERED to show cause why this matter should not be dismissed as to Paige.

## PROCEDURAL HISTORY

The Butterworths initiated this action on March 18, 2020, and the Greece Defendants answered on June 30, 2020. ECF Nos. 1, 3. The Butterworths filed the operative amended complaint on July 19, 2020, which the Greece Defendants answered on July 22, 2020. ECF Nos.

12, 13. On August 3, 2020, the Webster Defendants filed their motion to dismiss, which seeks partial dismissal of the Butterworths' claims. ECF No. 15. On November 9, 2020, the Greece Defendants filed a motion for judgment on the pleadings, which seeks dismissal of all claims against the Greece Defendants. ECF No. 26. Paige was named as a defendant in both the original complaint and the amended complaint, ECF Nos. 1, 12, but he has not yet been served.

## RELEVANT FACTS[1]

Robert Butterworth lives with Michelle and Ryan Butterworth in the Town of Greece and works for the Xerox Corporation at their facility located in the Town of Webster. ECF No. 12 ¶¶ 1–3, 14. Paige (or "Page") is a Corporate Security Investigator/Officer for Xerox. *Id.* ¶¶ 9, 15. Because Paige believed that Robert Butterworth was stealing copier toner cartridges from Xerox, Paige began an investigation into him and contacted the Webster Police Department. ECF No. 12 ¶¶ 16–17.

Kirkpatrick[2] is an investigator for the Webster Police Department; he was assigned to the investigation of Robert Butterworth. *Id.* ¶¶ 8, 18. Based upon his investigation and the investigation conducted by Paige, Kirkpatrick drafted an application for a search warrant, which was submitted to, and signed by, Judge John DeMarco of the Monroe County Court. *Id.* ¶¶ 19–21; ECF No. 12-1. The search warrant was issued on March 15, 2018 and provided that it was to be executed within ten days. ECF No. 12 ¶¶ 21, 22; ECF No. 12-1.

---

[1] The Court takes the following allegations from the Butterworths' amended complaint, ECF No. 12, and accepts them as true to evaluate the pending motions.

[2] The amended complaint refers to both an "A. Kirkpatrick" and an "A. Fitzpatrick" as investigators employed by the Webster Police Department and appears to use the names interchangeably. ECF No. 12 ¶¶ 8, 18. Because no Defendant has raised this issue, the Court assumes for purposes of this motion that references to Fitzpatrick actually are intended to refer to Kirkpatrick. *See* ECF No. 21 at 4 (referring to the defendant as "Kirkpatrick" in one sentence and "Fitzpatrick" in the next sentence).

On May 23, 2018, almost two months after expiration of the search warrant, members of the Webster and Greece Police Departments, including Kirkpatrick, executed the search warrant at the Butterworths' residence. ECF No. 12 ¶¶ 22–24. At the start of the search, unidentified police officers handcuffed and confined Michelle Butterworth in a police car for five hours and removed Ryan Butterworth from the house at gunpoint and held him at the Greece Police Department for five hours. *Id.* ¶¶ 25, 27.

The police confiscated a number of toner cartridges and bearings, which were allegedly stolen from Xerox by Robert Butterworth. ECF No. 12 ¶ 29. Robert Butterworth was arrested by unidentified officers of the Webster Police Department based on his alleged theft and charged "with Grand Larceny in the Third Degree . . . in violation of N.Y. Penal Law § 155.35, subd. 1." *Id.* ¶ 30. Robert Butterworth was detained following the arrest for approximately six hours. *Id.* ¶ 31.

Upon presentation of the charge to the grand jury, Robert Butterworth testified that the toner cartridges and bearings were discarded by Xerox, that he had signed receipts for the items, and that Xerox policy allowed him to take the items. *Id.* ¶¶ 32–35. Based upon this testimony, the grand jury issued a "no-bill" and the criminal charges against Robert Butterworth were terminated. *Id.* ¶¶ 36–37.

## LEGAL STANDARD

Federal Rule of Civil Procedure ("Rule") 12(b)(6) provides that a party may move to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In reviewing a Rule 12(b)(6) motion, a court must "draw all reasonable inferences in Plaintiff['s] favor." *Faber v. Metro. Life Ins. Co.*, 648 F.3d 98, 104 (2d Cir. 2011). To survive a motion to dismiss, a complaint must contain sufficient factual material, accepted as true, to "state

a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The application of this standard is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

"[O]n a 12(c) motion, the court considers the complaint, the answer, any written documents attached to them, and any matter of which the court can take judicial notice for the factual background of the case." *Sarikaputar v. Veratip Corp.*, 371 F. Supp. 3d 101, 104 (S.D.N.Y. 2019). "The standard for addressing a Rule 12(c) motion for judgment on the pleadings is the same as that for a Rule 12(b)(6) motion to dismiss for failure to state a claim." *Cleveland v. Caplaw*, 448 F.3d 518, 521 (2d Cir. 2006).

## DISCUSSION

The Butterworths assert claims for (1) unreasonable search and seizure of the Butterworths' residence against the Webster and Greece Defendants, (2) unreasonable search and seizure of Michelle and Ryan Butterworth in violation of the Fourth Amendment against the Webster and Greece Defendants, (3) malicious prosecution of Robert Butterworth in violation of the Fourth Amendment by Kirkpatrick, (4) malicious prosecution of Robert Butterworth in violation of New York state law by Paige, and (5) a separate cause of action "for violations of" the Butterworths' "civil rights" pursuant to Section 1983 against all Defendants. ECF No. 12.

The Town of Webster Police Department and the Greece Police Department (collectively, the "Defendant Police Departments") both argue that, as administrative arms of municipal corporations, they may not be sued. ECF No. 15-1 at 3–4; ECF No. 26 at 5–6. The Town of Webster and the Town of Greece (collectively, the "Defendant Municipalities") both argue that

the Butterworths have not adequately stated a claim for municipal liability. ECF No. 15-1 at 11–16; ECF No. 26 at 6–9. Kirkpatrick argues that the second and third causes of action against him should be dismissed. ECF No. 15-1 at 5–11.

## I.      Defendant Police Departments

The Butterworths concede that they cannot sue the Defendant Police Departments. ECF No. 21 at 2; ECF No. 30. "A police department is a municipal arm of the municipal corporation." *Jackson v. Cnty. of Erie*, No. 17-CV-396, 2020 WL 5642277, at *4 (W.D.N.Y. Sept. 22, 2020). "Because a police department does not exist separate and apart from the municipality, it is not considered its own legal entity, and cannot sue or be sued." *Id.* (collecting cases). Accordingly, the claims against the Defendant Police Departments must be dismissed.

## II.     Defendant Municipalities

A municipality may not be "held liable under § 1983 solely because it employs a tortfeasor." *Bowen v. Cnty. of Westchester*, 706 F. Supp. 2d 475, 483–84 (S.D.N.Y. 2010). Instead, a plaintiff must show that "action pursuant to official municipal policy of some nature caused a constitutional tort." *Id.* at 483 (quoting *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978)). In the context of evaluating the sufficiency of a complaint, a plaintiff "must allege facts tending to support, at least circumstantially, an inference that . . . a municipal policy or custom exists." *Triano v. Town of Harrison, NY*, 895 F. Supp. 2d 526, 535 (S.D.N.Y. 2012) (collecting cases).

The Butterworths concede that they have not alleged a policy or custom of the Defendant Municipalities. ECF No. 21 at 2; ECF No. 30. At least with respect to the Town of Webster, however, the Butterworths request that the Court dismiss their claims without prejudice so that they may have an opportunity to reallege those claims if discovery reveals such a policy or custom. ECF No. 21 at 2. *But see* ECF No. 30 (noting that the Butterworths do not oppose the Town of

Greece's motion for judgment on the pleadings "[u]pon the same grounds" as their response to the Town of Webster's motion, but not specifically requesting that any dismissal be without prejudice). The Town of Webster argues that any dismissal should be with prejudice. ECF No. 22 at 5. The Court agrees.

Although leave to amend should be freely given when justice so requires, *see Williams v. Citigroup Inc.*, 659 F.3d 208, 212 (2d Cir. 2011), the Butterworths do not request leave to amend at this time. They instead are seeking the opportunity to amend in the future following discovery. ECF No. 21 at 2. The Supreme Court has made clear that "the doors of discovery [are not unlocked] for a plaintiff armed with nothing more than conclusions." *Iqbal*, 556 U.S. at 678–79. "[A]llowing the plaintiff to conduct discovery in order to piece together a claim would undermine the purpose of . . . Rule . . . 12(b)(6), which is to streamline litigation by dispensing with needless discovery and factfinding where the plaintiff has failed to state a claim under the law." *Naples v. Stefanelli*, 972 F. Supp. 2d 373, 385 (E.D.N.Y. 2013) (internal quotation marks and brackets omitted).

Because the Butterworths have not actually requested leave to amend and have not stated a *Monell* claim, dismissal with prejudice is appropriate. *See Hu v. City of New York*, 927 F.3d 81, 107 (2d Cir. 2019) ("Because the plaintiffs in this case never requested leave to amend their Amended Complaint, the District Court did not err in declining to *sua sponte* grant leave to amend. We therefore affirm the lower court's decision to dismiss with prejudice the plaintiffs' . . . *Monell* claim."); *see also Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 48 (2d Cir. 1991) ("Of course, where a plaintiff is unable to allege any fact sufficient to support its claim, a complaint should be dismissed with prejudice."); *Alicea v. City of New York*, No. 04-CV-1243, 2005 WL 3071274, at *4 (S.D.N.Y. Nov. 15, 2005) (dismissing *Monell* claim with prejudice where plaintiffs conceded that they had not stated a claim for municipal liability); *Wood v. Medtronic, Inc.*, No.

14-CV-6298, 2015 WL 5793602, at *4 (W.D.N.Y. Oct. 2, 2015) ("Plaintiff now admits that he is not aware of any factual basis for such claims, and cannot articulate any theory upon which he could proceed, within the parameters of Rule 11, if he were allowed to amend. Accordingly, the Court finds that this action must be dismissed with prejudice.").

## III.   Kirkpatrick

### A.   *Second Cause of Action*

For their second cause of action, the Butterworths claim that Michelle and Ryan Butterworth were seized by "unknown members of the" Defendant Police Departments in violation of their Fourth Amendment rights. ECF No. 12 ¶¶ 25, 27, 42–45. "To state a valid claim under 42 U.S.C. § 1983, the plaintiff must allege that the challenged conduct (1) was attributable to a person acting under color of state law, and (2) deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States." *Whalen v. Cnty. of Fulton*, 126 F.3d 400, 405 (2d Cir. 1997). "Section 1983 itself creates no substantive rights; it provides only a procedure for redress for the deprivation of rights established elsewhere." *Sykes v. James*, 13 F.3d 515, 519 (2d Cir. 1993). To establish liability against an official under Section 1983, a plaintiff must allege that individual's personal involvement in the alleged constitutional violation. *Brandon v. Kinter*, 938 F.3d 21, 36 (2d Cir. 2019).

Kirkpatrick argues that the Butterworths have failed to allege his personal involvement in these seizures. ECF No. 15-1 at 5–6. The Butterworths concede as much. ECF No. 21 at 2–3.[3] The Butterworths, however, request that Kirkpatrick be dismissed without prejudice so that he may be

---

[3] The Butterworths argue "that it is conceivable that [Kirkpatrick] . . . directed the unnamed defendants to seize Ryan and Michelle, even if he did not do so himself." ECF No. 21 at 3. Even if conceivability were a proper pleading standard, the Butterworths merely make this argument in their brief and have not made any such corresponding allegations in their amended complaint. *See O'Brien v. Nat'l Prop. Analysts Partners*, 719 F. Supp. 222, 229 (S.D.N.Y. 1989) ("It is axiomatic that the Complaint cannot be amended by the briefs in opposition to a motion to dismiss.")

renamed as a defendant to this cause of action should discovery reveal his involvement in the seizures. *Id.* Again, the Butterworths do not request leave to amend their complaint, they simply wish to have the opportunity to amend should discovery reveal Kirkpatrick's involvement. For the reasons discussed above, *see supra* Section II, the Court finds that the Butterworths' insufficient claims regarding Kirkpatrick must be dismissed with prejudice.

      B.     *Third Cause of Action*

      For their third cause of action, the Butterworths claim that Kirkpatrick initiated a criminal proceeding against Robert Butterworth in violation of his Fourth Amendment rights. ECF No. 12 ¶¶ 46–51.

      To state a claim for malicious prosecution in violation of the Fourth Amendment, the Butterworths "must allege the four elements of a malicious prosecution claim under New York law—'(1) the initiation or continuation of a criminal proceeding against plaintiff; (2) termination of the proceeding in plaintiff's favor; (3) lack of probable cause for commencing the proceeding; and (4) actual malice as a motivation for defendant's actions'—as well as a violation of" Robert Butterworth's rights under the Fourth Amendment. *Ying Li v. City of New York*, 246 F. Supp. 3d 578, 604 (E.D.N.Y. 2017) (quoting *Manganiello v. City of New York*, 612 F.3d 149, 160–61 (2d Cir. 2010) (citations and quotation marks omitted)). "The Fourth Amendment right implicated in a malicious prosecution action is the right to be free of unreasonable seizure of the person—*i.e.*, the right to be free of unreasonable or unwarranted restraints on personal liberty." *Singer v. Fulton Cnty. Sheriff*, 63 F.3d 110, 116 (2d Cir. 1995). Accordingly, "[w]hen raising a malicious prosecution claim under Section 1983, a plaintiff must also show a seizure or other perversion of proper legal procedures implicating the claimant's personal liberty and privacy interests under the

Fourth Amendment." *Mitchell v. City of New York*, 841 F.3d 72, 79 (2016) (internal quotation marks omitted).

Kirkpatrick argues that the Butterworths have failed to adequately allege a lack of probable cause, that the proceeding was instituted with actual malice, and that Robert Butterworth was deprived of his Fourth Amendment rights. ECF No. 15-1 at 7–10. The Court need not decide whether the Butterworths have appropriately alleged actual malice or that Robert Butterworth was deprived of his Fourth Amendment rights because the Court finds that the Butterworths have failed to allege that Kirkpatrick lacked probable cause. *See Mitchell*, 841 F.3d at 79–80.

Probable cause is established where there are "facts and circumstances as would lead a reasonably prudent person to believe the plaintiff guilty." *Boyd v. City of New York*, 336 F.3d 72, 76 (2d Cir. 2003). "The existence or nonexistence of probable cause . . . is determined, at the earliest, as of the time [the] prosecution is commenced." *Rothstein v. Carriere*, 373 F.3d 275, 292 (2d Cir. 2004). "[P]robable cause can exist even where it is based on mistaken information, so long as the arresting officer acted reasonably and in good faith in relying on that information." *Bernard v. United States*, 25 F.3d 98, 102 (2d Cir. 1994). The Butterworths have the "burden to plausibly allege that there was no probable cause." *Nussinow v. Cnty. of Columbia*, No. 19-CV-332, 2020 WL 1322526, at *4 (N.D.N.Y. Mar. 20, 2020).

The Butterworths allege that Kirkpatrick "commenced and maintained" a criminal proceeding against Robert Butterworth "in the absence of probable cause," ECF No. 12 ¶¶ 47, 49, but such "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678; *Peterkin v. Saratoga Cnty.*, No. 19-CV-21, 2019 WL 6877973, at *7 (N.D.N.Y. Dec. 17, 2019) ("Plaintiff has failed to allege facts plausibly

suggesting malice or a lack of probable cause on the part of Defendants, beyond Plaintiff's threadbare allegation of Defendants' desire to 'scapegoat' Plaintiff.").

Robert Butterworth was allegedly charged with violation of N.Y. Penal Law § 155.35, subd. 1, ECF No. 12 ¶ 30, which provides that "[a] person is guilty of grand larceny in the third degree when he . . . steals property and . . . the value of the property exceeds three thousand dollars." The Butterworths allege that Kirkpatrick was assigned to the investigation of Robert Butterworth, that Kirkpatrick drafted the application for the search warrant for the Butterworths' residence based on his investigation and the investigation of Paige, and that Kirkpatrick searched the Butterworths' residence. ECF No. 12 ¶¶ 18, 19, 24. The Butterworths, however, do not explain what evidence Kirkpatrick had or did not have when he "initiated a criminal proceeding"[4] against Robert Butterworth, particularly what information was uncovered through Kirkpatrick's investigation. Without that information, it is impossible for the Court to draw any inference from the Butterworths' allegations regarding the existence of probable cause and the Butterworths have failed to plausibly allege that Kirkpatrick lacked probable cause.

Even assuming Kirkpatrick was working in a role where he was aware of all the information available to his employer, the Webster Police Department, the amended complaint

---

[4] The Butterworths simply allege that "Kirkpatrick initiated a criminal proceeding against" Robert Butterworth by "signing and filing criminal charges," ECF No. 12 ¶ 47, but the Court harbors some doubt that these conclusory allegations, standing alone, are sufficient to state a plausible claim that Kirkpatrick "initiated" the prosecution. *See McLean v. Clark*, No. 19-CV-10967, 2020 WL 508902, at *3 (S.D.N.Y. Jan. 31, 2020) ("[A] plaintiff must allege facts suggesting that the defendant 'played an active role in the prosecution, such as giving advice and encouragement or importuning the authorities to act.'" (quoting *Rohman v. N.Y.C. Transit Auth.*, 215 F.3d 208, 217 (2d Cir. 2000))); *Joyner v. Cnty. Of Cayuga*, No. 20-CV-60, 2020 WL 1904088, at *8 (N.D.N.Y. Apr. 17, 2020) ("Nearly all cases in which law enforcement officers were found to have initiated or continued a prosecution for purposes of a malicious prosecution claim involve officers who provided knowingly false and/or fabricated evidence to unwitting prosecutors. . . . There is a rebuttable presumption that criminal proceedings are initiated by prosecutors, not arresting officers. . . . In the absence of evidence that the police officer misled or pressured the official who could be expected to exercise independent judgment, a claim of malicious prosecution against the officer must fail." (internal quotation marks, citations, and brackets omitted)).

still cannot be read as suggesting he lacked probable cause. The amended complaint claims that Paige "commenced an investigation of Mr. Butterworth based upon a belief that he had been stealing Xerox property," specifically toner cartridges; that Paige contacted Kirkpatrick's employer (it is unclear what exactly Paige communicated); that Kirkpatrick's investigation led to the approval of a search warrant by Judge DeMarco; and that "[t]he police confiscated a number of toner cartridges and bearings from the" Butterworths' residence, which were all alleged (by someone) to have been stolen by Mr. Butterworth. ECF No. 12 ¶¶ 16–20, 29; ECF No. 12-1.

It seems evident that the discovery of toner cartridges and bearings alleged to have been stolen in Robert Butterworth's home would "lead a reasonably prudent person to believe the plaintiff [is] guilty." *Boyd*, 336 F.3d at 76. The Butterworths claim that Robert Butterworth testified to the grand jury that he was permitted to take the property per Xerox policy, ECF No. 12 ¶ 34, and discovery of that fact would have arguably caused probable cause to dissipate, *see Wiles v. City of New York*, No. 13-CV-2898, 2016 WL 6238609, at *10 (S.D.N.Y. Oct. 25, 2016) (discussing dissipation of probable cause by discovery of an intervening fact). The Butterworths, however, do not allege that Kirkpatrick discovered or was even capable of discovering through reasonable inquiry that Robert Butterworth was permitted to take the property prior to the grand jury proceeding. *Id.* ("[I]n order for . . . probable cause to 'dissipate,' the 'groundless nature of the charges must be made apparent by the discovery of some intervening fact.'" (quoting *Lowth v. Town of Cheektowaga*, 82 F.3d 563, 571 (2d Cir. 1996))).

The Butterworths argue that Kirkpatrick should have known that the allegedly stolen property seized from the Butterworths' residence could not provide the basis for probable cause given that the warrant in question was expired at the time of the search. ECF No. 21 at 4. The Court agrees that, if the search were constitutionally improper, the fruits of that search could not

support probable cause. *See Gannon v. City of New York*, 917 F. Supp. 2d 241, 244–45 (S.D.N.Y.2013) (denying motion to dismiss malicious prosecution claim where plaintiff alleged sufficient facts that the initiation of his prosecution was premised on an unconstitutional search). But the Butterworths also allege that someone, presumably Paige, claimed that the property was stolen. ECF No. 12 ¶ 29. The constitutionally proper discovery of property in the Butterworths' residence would strengthen the case for probable cause; however, the claim of a victim that Robert Butterworth stole property from Xerox, standing alone, appears sufficient to support probable cause.

"When information is received from a putative victim or an eyewitness, probable cause exists, unless the circumstances raise doubt as to the person's veracity." *Curley v. Vill. of Suffern*, 268 F.3d 65, 70 (2d Cir. 2001) (internal citation omitted); *Betts v. Shearman*, 751 F.3d 78, 82 (2d Cir. 2014) (applying standard to malicious prosecution claim). The Butterworths do not claim that there was any reason to doubt the veracity of whoever "alleged" the property in question was stolen from Xerox by Robert Butterworth. Accordingly, even read in the light most favorable to the Butterworths, the amended complaint does not allow the Court to draw a reasonable inference that Kirkpatrick lacked probable cause. Kirkpatrick's motion to dismiss this claim is granted. [5]

## IV.   Paige

Pursuant to Rule 4(m), the Butterworths were required to serve the defendants within 90 days after they filed their complaint. *See* Fed. R. Civ. P. 4(m); see also Fed. R. Civ. P. 4(c)(1) (noting that "[t]he plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m)"). "If a defendant is not served within 90 days after the complaint is

---

[5] Kirkpatrick also argues that the Butterworths have failed to state a claim for punitive damages based on their malicious prosecution claim. ECF No. 15-1 at 10–11. Because the Court finds that the malicious prosecution claim does not survive the motion to dismiss, the Court need not determine whether punitive damages have been adequately alleged for that claim.

filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m).

Paige was named in the original complaint, ECF No. 1, but the Butterworths have not filed proof of service on Paige. *See* Fed. R. Civ. P. 4(l)(1) (noting that "[u]nless service is waived, proof of service must be made to the court" by affidavit). The subsequent filing of an amended complaint does not restart the ninety-day clock in which to serve; rather, an amended complaint must be served within ninety days after the date the original complaint was filed. *Jennis v. Rood*, 488 F. Supp. 2d 172, 180 (N.D.N.Y. 2007) (citing cases), *aff'd in relevant part, vacated in part*, 310 F. App'x 439 (2d Cir. 2009) (summary order). Although Magistrate Judge Pedersen granted the Butterworths an extension of time to effectuate service on Paige to October 13, 2020, ECF No. 11, they have not moved for a further extension of time to serve Paige.

Accordingly, pursuant to Rule 4(m), the Court orders the Butterworths to respond in writing by February 19, 2021 and show cause as to why Paige has not been timely served. Failure to comply with this Order will result in the dismissal of all claims against Paige without prejudice pursuant to Rule 4(m).

**CONCLUSION**

The Webster Defendants' motion to dismiss, ECF No. 15, and the Greece Defendants' motion for judgment on the pleadings, ECF No. 26, are both GRANTED. The Butterworths' claims against the Town of Greece, the Greece Police Department, the Town of Webster, and the Town of Webster Police Department are DISMISSED. The Butterworths' second and third causes of action against A. Kirkpatrick are also DISMISSED. Further, the Butterworths are ORDERED TO SHOW CAUSE in writing by February 22, 2021 as to why Joel Paige has not been timely served.

IT IS SO ORDERED.

Dated: January 22, 2021
      Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court

14